**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00010-CV**

_____

**IN RE THOMAS AVALOS JR.**

_____

**Original Proceeding**
**253rd District Court of Liberty County, Texas**
**Trial Cause No. 22DC-CV-01607**

_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Thomas Avalos Jr. contends a writ of sequestration is void because the order failed to strictly comply with Rule 699 of the Texas Rules of Civil Procedure.[1] Avalos complains that the trial court ordered the

---

[1]*See* Tex. R. Civ. P. 699 ("The writ of sequestration shall be directed 'To the Sheriff or any Constable within the State of Texas' (not naming a specific county) and shall command him to take into his possession the property, describing the same as it is described in the application or affidavits, if to be found in his county, and to keep the same subject to further orders of the court, unless the same is replevied. There shall be prominently displayed on the face of the writ, in ten-point type and in a manner calculated to advise a reasonably attentive person of its contents, the following:

1

sheriff or constable to deliver the construction equipment described in the writ to Fortis Construction, LLC, the company that owns it.

On December 5, 2022, the trial court ordered the sheriff or constable to "take into his possession and deliver to Fortis the property described below." The trial court required Fortis to post a $5,000 bond, ordered that "[t]he sequestered property shall be kept safe and preserved subject to further orders of this Court by delivering it to a representative of Fortis," and set the amount of a replevy bond at $250,000. The order includes the notice required by Rule 699, as the order includes the information the Rule requires about how a party may regain possession of the property by filing a replevy bond and may seek to regain possession of the property by filing a motion to dissolve the writ.

On January 5, 2023, the trial court held a hearing on Avalos's motion to dissolve the sequestration order. A copy of Avalos's motion and a transcript of the hearing are not included in the mandamus record. But the record filed in the mandamus proceeding includes the January 5 order, which modified the sequestration order the trial court signed in December 2022. In the January 2023 order, the trial court increased Fortis's bond from $5,000 to $15,000. The trial

---

'YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT.'").

court's orders provide Avalos with a remedy by replevy.[2] Absent replevy by the defendant, the Rules of Procedure related to the remedy of replevy contemplate the plaintiff may obtain possession of the property pending the trial court's final resolution of the dispute.[3]

We conduct a benefits-and-detriments analysis to determine whether mandamus relief is appropriate.[4] Avalos has not shown that replevy would be an inadequate remedy at law.[5] We deny the petition for a writ of mandamus. Relator's request for temporary relief is denied as moot. Any pending motions are denied as moot.

PETITION DENIED.

PER CURIAM

Submitted on March 7, 2023
Opinion Delivered March 9, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

---

[2]*See* Tex. R. Civ. P. 701 (Defendant May Replevy).
[3]*See id.* 708 (Plaintiff May Replevy).
[4]*In re McAllen Med. Ctr.*, 275 S.W.3d 458, 464 (Tex. 2008).
[5]*See In re Gray*, No. 07-12-00152-CV, 2012 WL 1947860, at *3 (Tex. App.—Amarillo May 25, 2012, orig. proceeding) (mem. op.) (explaining the relator, Gray, failed to demonstrate he had no adequate remedy at law where he had not shown why he had not sought to replevy the equipment).